IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

    Petitioner,                               No. CIV S-08-0236 FCD DAD P

    vs.

S. BRYSON, et al.,                         <u>ORDER AND</u>

    Respondents.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the 2006 decision of the California Board of Parole Hearings denying him parole.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).

/////

/////

1

In petitioner's amended petition, he explains:

> On January 26th, 2007, the Superior Court of Los Angeles denied my petition on appeal of the Board of Prison Terms for parole. On 8-19-2006; I Petitioner filed a motion for a copy of the original Habeas Corpus Writ. The copy I sent in to the courts was the only copy I had because the Law Library man Here at CMF Vacaville refused to make copies of the original. Also, on 9-8-2006 the Judge of the Superior Court refused to make a copy for me. <u>Consequently, I was unable to go to the Higher states court because I did not have my original Habeas Corpus Writ, with my laws and cases in it.</u> (emphasis added)

(Pet. at 3.)

The court finds that according to petitioner's own allegations he has failed to exhaust state court remedies by presenting his federal claims to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to him. Accordingly, the petition should be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's April 3, 2008 motion for appointment counsel is denied as unnecessary;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the April 3, 2008 amended petition filed in the instant case on the Attorney General of the State of California; and

/////

/////

---

[1] Petitioner is advised that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. The one-year period of limitation "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1062 (9th Cir. 2004). The limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). However, since petitioner seeks to challenge a 2006 parole denial, any federal application for writ of habeas corpus may be time barred.

1          IT IS HEREBY RECOMMENDED that petitioner's April 3, 2008 amended petition for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

   These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr0236.103

3